12-2153-cv
Piao v. Russbach

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of April, two thousand thirteen.

PRESENT: BARRINGTON D. PARKER,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.\**

------------------------------------------------------------------

LAURA LONGHUA PIAO,

*Plaintiff-Appellant*,

v.                                                       No. 12-2153-cv

DANIEL RUSSBACH,

*Defendant-Appellee.*

------------------------------------------------------------------

FOR APPELLANT:        JOHN R. WILLIAMS, The Law Office of John R.
                      Williams, New Haven, CT.

---

\* The Honorable Susan L. Carney, originally a member of the panel, recused herself shortly after oral argument. The two remaining members of the panel, who are in agreement, have determined the matter. See 28 U.S.C. § 46(d); 2d Cir. IOP E(b). Cf. United States v. Desimone, 140 F.3d 457 (2d Cir. 1998).

FOR APPELLEE:    BRUCE MATZKIN, Esq., Branford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Mark R. Kravitz, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff-Appellant Laura Longhua Piao appeals from the dismissal of her amended complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.   On appeal, Piao argues that the complaint sufficiently alleged the elements of an intentional infliction of emotional distress ("IIED") claim under Connecticut law.   We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Our review of a district court's dismissal of a complaint for failure to state a claim is de novo.   Anderson News, L.L.C. v. Am. Media, Inc., 680 F.3d 162, 185 (2d Cir. 2012). "In reviewing the complaint, we give no effect to assertions of law or to legal conclusions couched as factual allegations, but we accept as true the factual allegations of the complaint, and construe all reasonable inferences that can be drawn from the complaint in the light most favorable to the plaintiff."   Id. (alteration, citation, and quotation marks omitted).

The elements of an IIED claim under Connecticut law are: "(1) that the [defendant] intended to inflict emotional distress, or knew or should have known that emotional distress was the likely result of [his] conduct, (2) that the conduct was extreme and

2

outrageous, (3) that the defendant's conduct was the cause of the plaintiff's distress, and (4) that the emotional distress sustained by the plaintiff was severe." Dusé v. Int'l Bus. Machs. Corp., 252 F.3d 151, 156 (2d Cir. 2001) (quotation marks omitted); accord Carrol v. Allstate Ins. Co., 262 Conn. 433, 442-43 (2003).

After reviewing Piao's amended complaint, we conclude that the District Court did not err in dismissing it. Although the amended complaint includes some factual allegations about the allegedly extreme and outrageous conduct—briefly, that the defendant, a local justice of the peace, filed an affidavit falsely and intentionally stating that he had served certain papers on Piao in a separate legal action—there are no factual allegations that support the amended complaint's conclusory assertions with respect to the defendant's intent to cause emotional distress, the severity of Piao's distress (if any), or the causal relationship between the alleged conduct and the asserted distress. Even if Piao's allegations sufficiently established conduct that was "extreme and outrageous"—a question we need not resolve—the amended complaint still fails to state a claim upon which relief can be granted.

We have considered all of Piao's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3